### The People, *ex rel.* Simpson, *vs.* Van Horne and Himrod.

Where there is a failure to elect a *supervisor* at an annual town meeting, in consequence of a *tie* in the votes of the electors, and the meeting adjourns without *electing* any person to fill that office, it is competent for three justices of the town to *appoint* a suitable person to the office, who, and not a person subsequently elected at a *special town meeting,* is entitled to hold the office.

§ 34, 35 and 36 of the act on the subject of town officers relate to cases where officers have been *duly elected* or *appointed,* and the offices have subsequently been *vacated,* by refusal to serve, death, resignation, removal, or incapacity.

By Chief Justice Savage. The question in this case, is, who is the legal incumbent of the office of supervisor of the town of Ovid?

At the annual town meeting in 1834, William Smith was elected supervisor; in the autumn of that year he removed from the town, and the defendant, William C. Van Horne, was appointed to supply the vacancy. He was, of course, authorized to serve out the residue of the term, in the same manner as William Smith would have done had he not vacated the office by removal. At the annual town meeting in April, 1835, two candidates were supported, and had an [516] equal number of votes; there was, therefore, no choice. The consequence was that W. C. Van Horne continued to hold the office, and strictly speaking there

271

was no vacancy. Town officers shall hold their offices for one year, and until others are chosen or appointed in their places. (1 R. S. 347, § 30.) Immediately after the failure or *neglect* of the town meeting to choose a supervisor, the town clerk gave notice of a special town meeting for the purpose of electing a supervisor, and at such election the relator was in due form elected; but previous to such special town meeting, the defendant, Peter Himrod, was in due form appointed the supervisor of the town by three justices, and the question is as stated above, which of these persons has the legal title to the office?

The provisions of the Revised Statutes are the following, (1 R. S. 347, § 31:) If any town shall neglect, at its annual town meeting, to choose its proper town officers, or either of them, it shall be lawful for any three justices of the peace of said town, by warrant under their hands and seals, to appoint such officers; and officers so appointed shall hold their offices until others are chosen or appointed, and have the same powers as if chosen by the people. § 32 directs the justices to file their appointment, and the clerk to give notice to the person appointed. § 33 authorizes any three justices to accept the resignation of any town officer, and give notice to the town clerk. § 34 provides that if any person chosen or appointed supervisor, commissioner of highways, or overseer of the poor, shall refuse to serve, die, resign, or remove from the town, or become incapable of serving before the next annual town meeting, the town clerk shall, within eight days after such vacancy, call a special town meeting to supply the same. § 35. If within fifteen days the electors do not supply such vacancy, any three justices of the town may do it. § 36. Vacancies in all town offices except the office of supervisor, assessor, commissioner of highways, overseer of the poor, collector, or overseer of highways, shall be supplied by the justices of the town, in the manner provided in the 31st section of this title. If the [517] 31st section is to be understood literally, it is perfectly clear that the person appointed by the justices is the legal supervisor. This section, however, has undergone a criticism by the relator's counsel. He contends that there has been no *neglect*, because the electors of the town made a vigorous effort to elect a supervisor, and failed to do so only because they were equally divided; and that the word *neglect* is applicable only when no town meeting has been held. The language of the section excludes the latter suggestion, because it embraces the case not only of a neglect to choose all the town officers, but *either* of them; plainly supposing that all but one may have been chosen at the annual town meeting. And as to the term neglect used by the legislature, it must in this place be understood as to *omit*, or to *leave the act undone*. It is immaterial what efforts may have been made; if they have been ineffectual, the case has happened which was intended to be provided for—the town meeting is at an end, and the officer has not been chosen. In such case the legislature have said, in this section, that any three justices of the town may appoint him.

It is supposed, however, that this view of this section is at variance with the 36th section, which declares that *vacancies* in all town offices shall be supplied by the justices, except the office of supervisor, &c.; and it is argued that, taking the 34th, 35th, and 36th sections in connection, the justices can in no case appoint the officers named in the 36th section, unless the electors of the town shall not, within fifteen days, have filled the vacancy. It will be seen, however, upon a careful examination of the sections which I have quoted, that the legislature had two cases in view: 1. Where the electors omitted to elect their officers, or either of them, at their annual town meetings; and, 2. Where a vacancy happened after the election, by the death, resignation, removal, or incapacity of the incumbent. In the first case, the justices appoint immediately after the omission to elect the officers; in the second, the justices have no jurisdiction, with some exceptions, as contained in the 36th section, until the electors have omitted [518] to supply the vacancy. In both cases the power of the justices is consequent upon the neglect or omission of the electors—proceeding upon

the conceded principle, that the right to elect the town officers belongs to the electors of the town in the first instance.

It has been urged that the 36th section contains a prohibition against the appointment, by the justices, of supervisors and the other officers there named; but it will be seen, upon reflection, that the whole system is harmonious. By the 34th section, when a vacancy happens in the offices of supervisor, commissioner of highways, or overseer of highways, it is the duty of the town clerk to call a special town meeting to supply the vacancy; and by the 35th section authority is given to the justices to supply it, if not done at the special town meeting. It could not be the intention of the legislature, in the next section, to prohibit what had been just authorized; but the intention, no doubt, was to confer the power of appointment upon the justices as to minor offices without waiting for the call of a special town meeting. It will be seen, too, that the word *vacancies* is applicable to cases where officers have been duly chosen or appointed, and not to the cases where there has been an omission to elect at the annual town meeting. In such cases there is, in fact, no vacancy, because the officers of the preceding year hold the offices until others are chosen or appointed in their places and have qualified. An office cannot be said to be *vacant* while any person is authorized to act in it, and does so act. The office of supervisor of Ovid was not vacant on the first Tuesday of April last, when a person should have been elected at the annual town meeting to succeed the incumbent of the preceding year. W. C. Van Horne continued to be supervisor of the town until Peter Himrod was appointed and qualified. There was, therefore, no vacancy—and the 34th, 35th, and 36th sections have no relation to such a case ; I repeat it, they relate to cases where officers have been duly elected or appointed, and the offices have subsequently been vacated, either by refusal to serve, death, resignation, removal, or incapacity.

My conclusion, therefore, is, that Peter Himrod was legally and prop- [519] erly appointed supervisor of the town of Ovid, and that the proceedings of the *special town meeting were unauthorized and void.*

The motion for a mandamus must be denied with costs.